IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN RUGGLES, ADRIENNE FEMALI, SHEILA MORRIS, and KIZZIE BECK, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 17 C 5981 ) |
| ANNETT HOLDINGS, INC., PATRICK BROWN, ERIC NUZBACH, and JOHN HINNI, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ann Ruggles, Adrienne Femali, Sheila Morris, and Kizzie Beck sued their former employer Annett Holdings and three Annett employees for sexual harassment under Title VII. Less than a year after the complaint was filed, the parties reached a final settlement agreement in which the defendants agreed to pay the plaintiffs a total of $550,000, plus reasonable attorney's fees and expenses to be determined by the Court. The plaintiffs have filed a petition for attorney's fees and expenses under 42 U.S.C. § 2000e-5(k).

## Background

The plaintiffs were represented by three lawyers. Wade Joyner worked on the case mostly before the complaint was filed; Karl Leinberger of Markoff Leinberger, LLC handled the bulk of the work thereafter. Leinberger's law partner Paul Markoff also worked on the plaintiffs' case, although he devoted considerably fewer hours than either

Joyner or Leinberger.

The plaintiffs have moved for an award of attorney's fees and expenses. They contend that Joyner, Leinberger, and Markoff are each entitled to a rate of $475 per hour for a combined of 775.7 hours of work, totaling $368,475.50 in requested fees. They also request $1,796.64 in expenses.

## Discussion

A court may award "a reasonable attorney's fee" to the prevailing party in litigation under Title VII. 42 U.S.C. § 2000e-5(k). The reasonable fee is determined using the lodestar method, wherein the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 544 (7th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The court may then adjust the lodestar calculation based on the twelve factors described in *Hensley*. *Id.*

In a case that settles before it is tried on the merits, the plaintiff is considered the prevailing party if two criteria are met: the lawsuit must be causally linked to the relief obtained and the plaintiffs' claims must not be "frivolous, unreasonable, or groundless." *Nanetti v. Univ. of Ill. at Chi.*, 867 F.2d 990, 992-93 (7th Cir. 1989). The defendants do not dispute that the plaintiffs satisfy these criteria, and indeed, they agreed as part of the settlement to pay the plaintiffs' reasonable attorney's and expenses. They contend, however, that both the rate and the hours requested by the plaintiffs are unreasonable.

**A.     Hourly rate**

Reasonable hourly rates are based on the local market rate for the attorney's services. *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). In calculating the

2

market rate, courts prefer to rely on evidence of the rate the attorney actually bills for similar work. *Id.* In cases where the court cannot rely on that evidence—for instance, because the attorney normally works on contingency—the court considers "evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases." *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012). Because Joyner, Leinberger, and Markoff apparently do not bill hourly for similar work, the plaintiffs have submitted two affidavits attesting to the reasonableness of a $475-per-hour rate for Chicago-area plaintiffs' attorneys in Title VII cases with twenty-one or more years of experience.[1]

The defendants dispute the plaintiffs' requested rate of $475. They argue that Joyner, Leinberger, and Markoff are entitled to only $253 per hour, which is the effective rate the defendants' attorneys charged in this case. This argument is meritless; the defendants' attorneys' rate is not probative of the market rate for the plaintiffs' attorneys' services, and the defendants cite no authority suggesting that the rates for the moving party's attorneys cannot exceed the rates charged by opposing counsel. And because the $253-per-hour rate charged by the defendants' attorneys was negotiated with an insurance company, there is reason to doubt that it reflects the market rate even for their own services. *Cf. Charter Oak Fire Ins. Co. v. Hedeen & Cos.*, 280 F.3d 730, 739 (7th Cir. 2002) (holding that the district court did not abuse its discretion by adopting a

---

[1] The plaintiffs have also submitted the so-called "Laffey Matrix," a chart published by the U.S. Attorney's Office for the District of Columbia that courts sometimes use to determine reasonable fees. The Court has previously declined to rely on the Laffey Matrix in light of concerns about its reliability the Seventh Circuit expressed in *Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 650 (7th Cir. 2011), and does so again in this case. *E.g., Fields v. City of Chicago*, No. 10 C 1168, 2018 WL 253716, at *3 (N.D. Ill. Jan. 1, 2018); *Wells v. City of Chicago*, 925 F. Supp. 2d 1036, 1040 (N.D. Ill. 2013).

3

special master's recommendation that found that as a result of negotiation "insurance companies are sometimes able to pay lower rates than private litigants might obtain").

The Court nonetheless concludes that the $475-per-hour rate is unreasonably high. The affidavits by Richard J. Gonzales and Marni Willenson attest to the reasonableness of that rate for Title VII attorneys in Chicago with more than 21 years of experience in that field. But though the plaintiffs' attorneys in this case are experienced litigators, they have not litigated plaintiffs' Title VII claims for more than twenty years. As the Court has previously noted, "work on non-civil rights litigation translates to something less than the equivalent amount of civil rights litigation experience" because "the learning curve on such cases likely is steeper than it would be for someone with greater experience handling them." *Wells*, 925 F. Supp. 2d at 1041. Leinberger has worked on several employment-discrimination cases, but the bulk of the work described in his declaration concerns wage payment, ERISA, and other employment issues. *See* Leinberger Decl., dkt. no. 51-1, ¶ 9. Markoff details no pertinent civil-rights work. *See* Markoff Decl., dkt. no. 51-18, ¶¶ 4-6. And though Joyner attests to having significant experience consulting employers about issues related to employment discrimination, he apparently lacks litigation experience in such cases. *See* Joyner Decl., dkt. no. 55-4, ¶¶ 4-5.

Considering the attorneys' experience in light of the affidavits testifying to reasonable rates for experienced Title VII litigators, the Court approves hourly rates of $450 for Leinberger and Joyner and $350 for Markoff.

**B.     Reasonable hours**

A court calculating reasonable fees must ensure that the petitioning party has

exercised "billing judgment"; that is, the party must exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The defendants submitted an affidavit by attorney Brian H. Myers that summarizes the plaintiffs' billing information based on nineteen categories of work. See Myers Aff., dkt. no. 61, at 3-7. They argue that the hours submitted by the plaintiffs are excessive or unreasonable with respect to seven of those categories: inter-lawyer communication, legal research, written discovery, drafting pleadings, settlement negotiations, the motion to enforce the settlement agreement, and the fee petition.

### 1. Inter-lawyer communication

The defendants first argue that the 142.1 hours the plaintiffs' attorneys spent on inter-lawyer communication is excessive.[2] They contend that none of this time is reasonably expended, but the Seventh Circuit has rejected such a blanket rule as "totally unrealistic" given that the practice of law usually entails some inter-lawyer communication. *Tchemkou v. Mukasey*, 517 F.3d 506, 511 (7th Cir. 2008). Nonetheless, the court in *Tchemkou* cautioned that "internal meetings are not always the model of efficiency, and discussions of one case or client easily can bleed over into other matters," and it reduced the requested time to ten hours. *Id* at 512.

---

[2] The plaintiffs contest that figure, arguing that they spent only 58.4 hours on inter-lawyer communication. See Reply Brief of Markoff Leinberger, LLC, dkt no. 63, at 12; Supp. Leinberger Decl., dkt. no. 63-1, ¶¶ 4-5. Based on the Court's review of the plaintiffs' attorneys' timesheets, the 142.1 number accurately reflects the time entries in which the attorneys engaged in some inter-lawyer communication. The fact that some of these entries refer to other activities does not indicate that defendants have improperly categorized those entries, especially given that the plaintiffs' attorneys' own method of "block billing" is the source of any ambiguity. See *Farfaras v. Citizens Bank & Tr. of Chi.*, 433 F.3d 558, 569 (7th Cir. 2006) (noting that although block billing is not prohibited, it "does not provide the best possible description of attorneys' fees").

5

In light of these concerns, the Court concludes that 142.1 hours is unreasonably high in the context of this case in which only two lawyers performed the vast majority of the work. The Court therefore cuts this time in half and limits the plaintiffs to 71 hours of inter-lawyer communication: 42.8 hours for Markoff Leinberger, LLC and 28.2 hours for Joyner.

### 2. Legal research

The defendants next challenge the plaintiffs' requested 101.4 hours for legal research. The plaintiffs contend that this research was necessary to resolve certain novel legal issues, including the income tax treatment of the settlement amount. But given the plaintiffs' attorneys' self-professed expertise and the alleged obviousness of Title VII violations in this case, see Joyner's Brief, dkt no. 55, at 2, the Court concludes that 101.4 hours of legal research is excessive notwithstanding any novel issues— which the plaintiffs have failed to establish in any event, perhaps aside from the taxation question, a narrow and focused issue. The Court limits the plaintiffs to half the time requested, or 50.7 hours: 46.5 hours for Markoff Leinberger, LLC and 4.2 hours for Joyner.

### 3. Discovery

The defendants also object to the 69.3 hours the plaintiffs' attorneys spent on discovery. They point out that the parties engaged in only written discovery because the case settled before depositions began. But the written discovery in this case was extensive, including Rule 26(a) disclosures, interrogatories from each of the four plaintiffs to Annett, separate interrogatories to the other three defendants, and requests for production of documents to all the defendants. In addition, each of the four plaintiffs

responded to interrogatories and requests for production of documents. Because of the volume of discovery and the detail involved in this work, the Court concludes that the requested time for discovery is reasonable.

4.  **Drafting pleadings**

The defendants contend that it was unreasonable for the plaintiffs to spend 68.3 hours drafting pleadings. They argue that sixty-five-page complaint was needlessly long and detailed because the Rules of Civil Procedure require only notice pleading. As the plaintiffs point out, however, the thoroughness of the complaint obviated the need for briefing under Rule 12(b)(6) and likely facilitated the relatively quick settlement of the case. The Court concludes that the time requested for drafting the complaint is reasonable.

5.  **Settlement negotiations**

The defendants object to the 63.6 hours the plaintiffs' attorneys claim for time spent on settlement negotiations. The parties attended a settlement conference before a magistrate judge in February 2018 and reached an oral settlement agreement about a week later. The Court agrees with the defendants that 63.6 hours is an unreasonable amount of time for settlement negotiations in this case, particularly given that the settlement conference lasted only about three hours. In addition, the plaintiffs' attorneys' professed expertise in these matters and the substantial legal research and fact development that had already taken place indicate that devoting more than 60 hours to settlement negotiations was excessive, even if one takes into account the need for a reasonable amount of preparation time for this important event. The Court therefore limits the plaintiffs to 31.8 hours for settlement negotiations, half of the time

7

they request: 29.9 hours for Markoff Leinberger, LLC and 1.9 hours for Joyner.

6. **Motion to enforce the settlement agreement**

The defendants also contend that the 24.1 hours they claim for time spent on the motion to enforce the settlement agreement is unreasonable. In the motion, the plaintiffs alleged that the defendants were seeking to introduce new terms to the oral settlement agreement, including a general release that encompassed the plaintiffs' state-court claims. After the Court reviewed the attorneys' notes from the settlement conference (which made no mention of a carve-out for the state-court claims) and disclosed to the parties that, upon inquiry, the magistrate judge reported that she would have been unlikely to leave those claims unresolved, the plaintiffs withdrew their motion. Because the plaintiffs' allegations about the general release proved meritless, and the remainder of their contentions did not warrant briefing on a motion to enforce the settlement agreement, the Court concludes that none of the time the plaintiffs claim for the motion to enforce was reasonably expended.

7. **Fee petition**

Finally, the defendants argue that the 52.9 hours the plaintiffs claim for time spent preparing the fee petition were not reasonably expended. In *Ustrak v. Fairman*, 851 F.2d 983 (7th Cir. 1988), the Seventh Circuit found that the time spent on a fee petition was unreasonable because it amounted to almost twenty-five percent of the time spent on the other tasks in the case. *Id.* at 987-88; *see also Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 554 (7th Cir. 1999) (applying *Ustrak* to affirm the district court's decision to reduce fee petition time to 1.6 hours). In this case, the requested 52.9 hours would constitute a smaller but nonetheless unduly disproportionate amount

of the total time devoted to litigation. The Court concludes that the plaintiffs are entitled to 26.5 hours in fee petition time: 21.7 hours for Markoff Leinberger, LLC and 4.8 hours for Joyner.

C. **Adjusting the lodestar**

Though courts have discretion "in limited circumstances" to adjust the lodestar by applying the twelve *Hensley* factors, *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012), the Court declines to do so in this case. Many of these factors are "subsumed within the initial calculation," including the time and labor required, the expertise of the attorneys, and the complexity of the case. *Hensley*, 461 U.S. at 434 n.9. The Court concludes that the lodestar amount is a reasonable fee in this case.

D. **Expenses**

Although the parties' joint statement under Rule 54.3 indicates that the defendants object to less than $200 of the plaintiffs' requested expenses, the defendants do not explain or even mention any objections in their briefs. Any objection to the plaintiffs' costs is therefore forfeited, and the Court awards the plaintiffs the requested expenses, totaling $1,796.64. *See RK Co. v. See*, 622 F.3d 846, 854 (7th Cir. 2010).

## Conclusion

The Court grants the plaintiffs' petition for attorney fees and costs subject to the limitations set forth in this opinion. In total, the plaintiffs are entitled to $1,796.64 in expenses ($1,452.36 for Markoff Leinberger, LLC and $344.28 for Joyner) and compensation for 579.2 hours of work (401.8 for Markoff Leinberger, LLC and 177.4 for Joyner). Because the Court concludes that Leinberger and Markoff are entitled to

hourly rates different from those they sought, and because it has no ready means of determining how many hours each attorney worked, the Court orders the plaintiffs to submit, by January 7, 2019, a report providing a calculation of the dollar amounts awardable for each attorney as set forth in this order. If the defendants believe the plaintiffs' calculation is incorrect, they must file a response explaining their contentions by January 10, 2019.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 3, 2019